UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------X

BEETHOVEN VELEZ-PAULINO,

        *Petitioner*,

-*against*-

UNITED STATES OF AMERICA,

        *Respondent.*

-------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -*against*-

BEETHOVEN VELEZ-PAULINO,

        *Defendant.*

-------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-6-15

15 Civ. 219/13 Cr. 382 (PAC)

**OPINION & ORDER**

HONORABLE PAUL A. CROTTY, United States District Judge:

*Pro se* Petitioner Beethoven Velez-Paulino ("Paulino") moves, pursuant to 28 U.S.C. § 2255, to vacate his conviction under 21 U.S.C. § 841 for conspiracy to distribute and possess with intent to distribute heroin and cocaine. Paulino argues that 21 U.S.C. § 841 is not a duly enacted federal law, that defense counsel provided him with ineffective assistance, and that his appeal waiver is invalid. Paulino's motion is denied.

**BACKGROUND**

On May 22, 2013, Paulino was charged with violations of 21 U.S.C. § 841(b)(1)(B) and § 841(b)(1)(C) for conspiracy to distribute 100 grams or more of heroin and less than 500 grams of cocaine. Dkt. 6, 13 Cr. 382. On September 23, 2013, pursuant to a plea agreement, he pled

1

guilty to a lesser included offense of conspiracy to distribute less than 100 grams of heroin and less than 500 grams of cocaine, a violation of 28 U.S.C. §§ 841(b)(1)(C) and 846. Plea Tr. The plea agreement, dated August 26, 2013, calculated the Offense Level at 23, with a Criminal History Category of 2. Plea Agreement at 3. Accordingly, the Guidelines range was 51 to 63 months' imprisonment. *Id.* The plea agreement further stipulated that Paulino would "not file a direct appeal; nor bring a collateral challenge, including but not limited to an application under Title 28, United States Code, Section 2255 . . . , of any sentence within or below the Stipulated Guidelines Range." *Id.* at 4.

At his plea on September 23, 2013, Paulino was sworn in and acknowledged signing the plea agreement voluntarily. Plea Tr. at 6:25-7:4. He also stated that he understood the rights he was giving up by entering into the plea. *Id.* at 4:10-9:17. With regard to the waiver of appeal and collateral attack, the following colloquy occurred:

> THE COURT:    In addition, Mr. Velez-Paulino, to giving up your right to a trial you're also agreeing not to file a direct appeal or challenge in a collateral attack any sentence imposed upon you which is at the guidelines range of 51 to 63 months or below that range. Do you understand?
>
> THE DEFENDANT: Yes.

*Id.* at 9:1-6. He also acknowledged that he understood the charges against him and that he was satisfied with his attorney's representation. *Id.* at 4:10-16. He then admitted that he had "agreed with others to possess and distribute substances that contain heroin and cocaine. I knew that by doing this I was doing something illegal." *Id.* 11:8-11.

2

On March 5, 2014, the Court sentenced Paulino to 38 months' imprisonment.[1] Sentencing Tr. 13:10-14, 14:19-22. This sentence fell below the Stipulated Guidelines Range set out in the plea agreement. *Id.* at 13:10-11 ("Mr. Velez-Paulino is going to receive a below-the-guidelines sentence, but it can't be time served."). Consistent with the plea agreement, Paulino did not appeal the sentence.

## DISCUSSION

A petitioner may collaterally attack a final judgment in a federal criminal case pursuant to 28 U.S.C. § 2255 where there has been "a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." *Cuoco v. U.S.*, 208 F.3d 27, 30 (2d Cir. 2000) (internal citations and quotation marks omitted). Paulino argues that his sentence must be vacated because (1) 28 U.S.C. § 841 is not a duly enacted federal statute; (2) he received ineffective assistance of counsel because his attorney failed to inform him of this fact; and (3) his waiver of the right to appeal was not made knowingly and voluntarily because it was made without the knowledge that section 841 was not valid. Pet. Mem.[2] Because Paulino's argument that section 841 was not duly enacted fails for the following reasons, his ineffective assistance claim and his challenge to the waiver of appeal also fails.

Paulino asserts that 28 U.S.C. § 841 is invalid because "it has not been processed through the proper congressional channels to become validated." Pet. Mot. at 10. He provides no support for this assertion. Similar arguments regarding other statutes "ha[ve] evidently been

---

[1] The Government asserts that Paulino received a sentence of 36 months. Gov. Mem. at 4. This is incorrect. *See* Sentencing Tr. 14:19; Dkt. 50, at 2.

[2] The Court is interpreting Paulino's claims "so as to raise the strongest arguments that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 471 (2d Cir. 2006) (internal citation and quotation marks omitted).

3

circulating among inmates in federal correctional institutions, and ha[ve] been presented in other *pro se* briefs." *U.S. v. Farmer*, 583 F.3d 131, 151 (2d Cir. 2009). Due to the Second Circuit's application of the enrolled bill doctrine to this argument, these similar claims have failed. *See, e.g., Paredes v. U.S.*, 2011 WL 837139, at *2 (E.D.N.Y. Mar. 2, 2011) (citing cases). This is because "[a]n enrolled bill, 'thus attested,' 'is conclusive evidence that it was passed by Congress,'" *Pub. Citizen v. U.S. Dist. Ct. for Dist. of Columbia*, 486 F.3d 1342, 1350 (D.C. Cir. 2007) (citing *Marshall Field & Co. v. Clark*, 143 U.S. 649, 672-73 (1892)), and the "'enrolled-bill rule' precludes a court from looking beyond the signatures of House and Senate leaders in determining the validity of a statute," *Farmer*, 583 F.3d at 151.

Section 841 comprises part of Public Law 91-513, the Comprehensive Drug Abuse and Prevention Control Act of 1970, which was signed by President Nixon on October 27, 1970. Section 841 makes it illegal to knowingly or intentionally "manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance." The Government has provided a certified copy of the enrolled version of the Act from the National Archive and Records Administration. *See* Gov. Mem., Ex. D. While Paulino asserts that this copy "is a fabricated and falsified document" and that it "does not have a BILL which indicates that it has gone through processes to become law," Reply at 2, there is no merit to these arguments. *See U.S. v. Rodriguez*, 2003 WL 139252, at *1 (S.D.N.Y. Jan. 16, 2003) (challenge to the validity of section 846 rejected where Defendant "present[ed] no evidence to support his contention that the President did not sign the Comprehensive Drug Abuse Prevention and Control Act of 1970, and in light of the hundreds of thousands of examples of situations where § 846 has been applied and implicitly upheld"). The existence of the enrolled bill precludes the Court from examining the validity of the statute.

4

Because no challenge to the validity of section 841 can survive, Paulino's argument that defense counsel was ineffective because he failed to inform him that section 841 was not duly enacted is rejected. Paulino's argument that his waiver is invalid because it was not made with the knowledge that section 841 was not duly enacted also fails. Accordingly, Paulino has failed to make any showing that he is entitled to relief under 28 U.S.C. § 2255.

## CONCLUSION

Paulino's petition for habeas corpus is denied. Since Paulino has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253. The Clerk of Court is directed to enter judgment and close this case.

Dated: New York, New York  
      July 6, 2015

SO ORDERED

*[signature]*

PAUL A. CROTTY  
United States District Judge

Copy Mailed By Chambers To:

Beethoven Velez-Paulino
92035-054
Rivers Correctional Institution
P.O. Box 630
Winton, NC 27986